[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#123)
The plaintiff has filed this action seeking reimbursement for public assistance payments made to the defendants' client allegedly due to the plaintiff pursuant to a General Statutes 17-83f statutory lien. The defendants have filed a Second Revised Answer and three special defenses. The plaintiff has moved to strike two of the special defenses.
In their Revised First Special Defense, the defendants allege that the "defendant, James W. Shea, on behalf of Warren Boughton requested a fair hearing to determine liability pursuant to C.G.S. 17-2a by sending a letter to June M. Hinchcliffe, State of Connecticut, Department of Administration [sic] Services which was mailed March 7, 1989 and which hearing was never scheduled or held." General Statutes 17-2a provides in relevant part, that:
 [a]n aggrieved person authorized by law to request a fair hearing on a decision of the commissioner of income maintenance . . . may make application for such hearing in writing over his signature to the commissioner and shall state in such application in simple language the reasons why he claims to be aggrieved. Such application shall be mailed to the commissioner within sixty days after the rendition of such decision.
(Emphasis added.) Pursuant to the provisions of General Statutes 17-2a, the defendants' Revised First Special Defense is legally insufficient because the defendants allege that a letter was sent to "June M. Hinchcliffe, Department of Administration [six] Services" rather than to the Commissioner of the Department of Income Maintenance as required by General Statutes 17-2a. Therefore the plaintiff's motion to strike the Revised First Special Defense is granted. CT Page 2256
In the plaintiff's motion to strike, the plaintiff states that it "moves to strike Defendants' Third Special Defense as legally insufficient as Defendants have failed to allege any valid basis for estopping the Plaintiff in this action." However, the plaintiff does not address the third special defense in its memorandum of law in support of the motion but rather discusses the Revised Second Special Defense in which the defendants allege that the plaintiff is estopped from proceeding against the defendants. The defendants have opposed the motion to strike in part because of this apparent typographical error. At oral argument, the plaintiff asserted that the reference to the third special defense in its motion was a typographical error, and that the plaintiff is really seeking to strike the Revised Second Special Defense as described in the motion although erroneously labeled, and as discussed in its memorandum of law. Therefore because the discrepancy between the labeling of the challenged defense in the plaintiff's motion and the defense both described in the motion and discussed in the plaintiff's supporting memorandum is simply a typographical error, the court will, in the interests of judicial economy, consider the merits of the plaintiff's arguments regarding the legal sufficiency of the defendants' Revised Second Special Defense.
An estoppel claim is
 "predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury."
(Citations omitted.) Kimberly Clark Corp. v. Dubno, 204 Conn. 137,148, 527 A.2d 679 (1987), quoting Zoning Commission v. Lescynski, 188 Conn. 724, 731, 453 A.2d 1144 (1982). "[E]stoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency." Kimberly Clark Corp. v. Dubno, supra, citing Zoning Commission v. Lescynski, supra. This exception applies "where the party CT Page 2257 claiming estoppel would be subjected to substantial loss if the public agency were permitted to negate the acts of its agents." Kimberly Clark Corp, v. Dubno, supra. The person claiming the estoppel bears the burden of showing that he exercised due diligence to ascertain the truth and that he not only lacked knowledge of the true state of things but had no convenient means of obtaining that knowledge. Id.
In their Revised Second Special Defense, the defendants allege:
 The plaintiff is barred from proceeding against the defendants by the Doctrine of Estoppel for the reason that the plaintiff's agent, JUNE M. HINCHCLIFFE, failed to respond to letters of defendants dated March 7, 1989 requesting a fair hearing, telephone calls of July 9, 1991, July 10, 1991, and July 19, 1991, as well as a letter of July 10, 1991 notifying the plaintiff of defendant's [six] intent to disburse the funds to Mr. Boughton.
Therefore, in the Revised Second Special Defense quoted above, the defendants have not alleged facts supporting all the elements of an estoppel defense. See Kimberly Clark Corp. v. Dubno, supra. Further, the defendants have not alleged sufficient facts in the Revised Second Special Defense which, if proven, would support a defense of estoppel against a public agency as discussed in Kimberly Clark Corp. v. Dubno, supra. Accordingly, the plaintiff's motion to strike the Revised Second Special Defense is granted.
Dunn, J.